that such values are the invoice unit values as appraised, plus freight charges from Haiphong to Hong Kong, HK$435.77, packed. Judgment will be rendered accordingly.

REHEARING MOTION GRANTED

FEBRUARY 17, 1942

No. 5583.— —Frank P. Dow Co., Inc. v. United States. Entered at Los Angeles, Calif., Reap. Dec. 5567. Motion by plaintiff.

EMILE SCHULINGKAMP CO. v. UNITED STATES

No. 5584.—Invoice dated Nagoya, Japan, August 31, 1940.
Entered at New Orleans, La., October 19, 1940.
Entry No. 1546.

(Decided February 25, 1942)

Tompkins & Tompkins (Allerton deC. Tompkins of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the respective parties as follows:

(1) That the items of merchandise identified as 97665/84 blue willow saucers design no. 6392–2A, and as 97685/704 blue willow plates design no. 6392–19A, and marked on the invoice covered by the above appeal with a green ink "M" and the initials EMB, (Exmr. E. M. Bertant), consist of saucers and plates exported from Japan to the United States on August 20, 1940.

(2) That the price on August 20, 1940 at which said 97665/84 saucers, or similar merchandise, were freely offered for sale for home consumption to all purchasers in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade was 1.55 yen per dozen packed.

(3) That the price on August 20, 1940 at which said 97685/704 plates, or similar merchandise, were freely offered for sale for home consumption to all purchasers in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade was 1.50 yen per dozen packed.

(4) That on the date of exportation there were no export values for the above-named merchandise other or higher than the foreign values therefor, as hereinbefore stated.

(5) That the above reappraisement appeal is abandoned as to all merchandise except that specified in Paragraphs (1), (2), (3), and (4) above.

(6) That the above reappraisement appeal may be submitted upon this stipulation.